MAURICE ANDERSON                                          CIVIL ACTION

VERSUS                                                   NO. 21-190

DARREL VANNOY, WARDEN LSP                                 SECTION "I"(4)

## ORDER AND REASONS

Maurice Anderson filed a Motion for Stay of Proceedings (ECF No. 11).  Anderson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2014 Tangipahoa Parish convictions for theft valued more than $1500 and simple battery.  ECF No. 1.  Anderson's 2016 habitual offender sentence of 60 years at hard labor was overturned by the Louisiana Supreme Court on collateral review in 2019.  ECF No. 10, at 8-12.  Anderson awaits resentencing, and seeks to stay this case pending resolution of his resentencing in the state courts.  ECF No. 11.

The Supreme Court has decreed that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner.  *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  In *Pliler v. Ford*, 542 U.S. 225, 227 (2004), the Supreme Court cautioned that a stay-and-abeyance "should be available only in limited circumstances."  *Rhines*, 544 U.S. at 277.  A stay is appropriate only when the district court determines that there was "good cause" for the failure to fully exhaust state court review.  *Id*.  A "protective petition" also is allowed under Supreme Court precedent, but only when the petitioner has diligently pursued exhaustion in a procedurally proper manner and seeks to suspend the federal statute of limitations which otherwise may be compromised before he can obtain complete exhaustion.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Anderson appears to have exhausted review of the claims in his federal petition, making this a fully exhausted petition not subject to a stay.  His petition is also premature in several aspects.  Anderson currently has no judgment of commitment (sentence) for purposes of determining if a

final judgment exists to trigger the federal statute of limitations. *Accord Magwood v. Patterson*, 561 U.S. 320 (2010) (addressing the effect of new judgments in terms of successive habeas petitions); *see also In re Lampton*, 667 F.3d 585, 588-89 (5th Cir. 2012) (when one conviction or sentence of a multi-count conviction is vacated, the trial court is not required to enter a new judgment as to the remaining counts, and those convictions and sentences remain undisturbed). A new sentence, as opposed to reinstatement of his initial sentence, will determine finality of his convictions for purposes of applying the statute of limitations or any potential tolling of it. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (the AEDPA limitations period "did not begin until both his conviction <u>and</u> sentence became final by the conclusion of direct review or the expiration of the time for seeking such review." (emphasis added)). The State also has asserted that, even if Anderson's petition is not premature, it is already time barred.[1] At this juncture, Anderson has presented a petition that is not clearly subject to federal habeas review at this time.

Anderson's case does not fit the restrictive parameters recognized for the granting of a stay. There is no showing of good cause to stay these proceedings. Accordingly,

**IT IS ORDERED** that Maurice Anderson's **Motion for Stay of Proceedings (ECF No. 11)** is **DENIED**.

New Orleans, Louisiana, this  17th  day of June, 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Id.*, at 12-14.