**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MAURICE ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-190** |
| **DARREL VANNOY, WARDEN LSP** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

## I.    Factual and Procedural Background[2]

Anderson is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[3] On August 27, 2012, Anderson and co-defendant Brandon Deanthony Cyprian were charged in a three count Indictment by a Tangipahoa Parish Grand Jury.[4] Count one charged both men with the aggravated burglary of the home belonging to W.N.[5] Anderson was charged in count two with aggravated battery of Deputy Scott Jarreau. Count three charged Cyprian with the simple

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] As is typical, the Tangipahoa Parish District Attorney did not fully comply with the Court's briefing order to provide <u>all</u> state court records, pleadings, rulings, etc., from <u>every</u> level of the state courts. Nevertheless, the record presented along with the Court's research was sufficient to resolve Anderson's petition.

[3] ECF No. 1

[4] St. Rec. Vol. 1 of 8, Indictment, 8/27/12.

[5] Pursuant to La. Rev. Stat. Ann. § 46:1844(W)(1)(a), the state courts refer to the victims and family members by their initials because of the sex crime charged in the indictment. This Court will do the same.

rape of I.N.  Anderson entered a plea of not guilty to the charges on September 5, 2012.[6]  On April 18, 2013, count one was amended to charge Anderson with theft of more than $1500 belonging to W.N. and C.N.[7]

The record reflects that, on April 30, 2012, a burglary was reported at the residence of W.N. and his wife, C.N., in Loranger, Louisiana.[8]  The missing items included a 55-inch flat-screen television, an over 40-inch flat-screened television, and C.N.'s jewelry box and its contents. Also taken were several guns stored in a gun cabinet, including a Ruger mini 14, a Remington .22 model 522, a 20-gauge single barrel shotgun, a .410 shotgun, and two Ruger Black Hawk pistols.

W.N. initially reported that I.N., their mentally-challenged 21-year-old daughter, told him that she went for a walk and the house was burglarized while she was gone.  I.N. later denied saying that and indicated that she was sitting under the carport when two men, later identified as Anderson and Cyprian, arrived at the home in a black car.  The two men asked about buying pit-bull puppies and asked if she knew anyone who had some for sale.  I.N. told them no, and the men backed the car out of the driveway.  Suddenly, the car pulled back under the carport.  Anderson asked I.N. if he could use their bathroom, and she told him that he could use the outdoor facilities.

I.N. then went inside the house, and Anderson and Cyprian followed her without her permission.  Anderson began looking around the house as he went to find the indoor bathroom. Cyprian talked with I.N. while Anderson was in the bathroom.  When Anderson came back, Cyprian had Anderson act as a lookout while Cyprian took I.N. into a bedroom to have sex.

---

[6] St. Rec. Vol. 2 of 8, Minute Entry, 9/5/12.

[7] St. Rec. Vol. 1of 8, Amended Indictment, 4/8/13.

[8] The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal.  *State v. Anderson*, No. 2015-KA-1043, 2016 WL 759166, at *1-2 (La. App. 1st Cir. Feb. 24, 2016); St. Rec. Vol. 2 of 8, 1st Cir. Opinion, 2015-KA-1043, pp. 2-4, 2/24/16.

When I.N. came out of her bedroom, she noticed that items were missing. She called her mother, C.N., who in turn called W.N. He called the police and went to the house, arriving before the police. C.N. also returned home and arrived after the police.

Later that day, the police responded to a dispatch about a man in a black car attempting to sell a large flat-screened television. As Deputy Scott Jarreau joined the pursuit of the car at Hood Road, the car crossed into his lane, colliding into his unit. Deputy Jarreau's knee was injured during the collision. The black car, driven by Anderson with Cyprian as a passenger, veered into a ditch where it stopped. After a foot pursuit, Anderson was placed under arrest.

On August 19, 2013, the cases against Anderson and Cyprian were severed and the Indictment was amended again to change count one as to Cyprian to possession of stolen property.[9] The record does not indicate the disposition of the charges against Cyprian.

On July 9, 2014, Anderson was granted leave to represent himself, assisted by stand-by counsel.[10] He was tried before a jury on October 21 and 22, 2014, and found guilty of theft valued more than $1500 and simple battery.[11] At an October 29, 2014, hearing, the state trial court denied Anderson's counsel-filed motions for new trial and for post-verdict judgment of acquittal.[12] On October 29, 2014, the court sentenced Anderson to serve consecutive sentences of ten years in prison at hard labor for theft and six months in prison for simple battery.[13] The Court later denied

---

[9] St. Rec. Vol. 1 of 8, Amended Indictment, 4/8/13 (handwritten notes dated 8/19/13).

[10] St. Rec. Vol. 2 of 8, Minute Entry, 7/9/14.

[11] *Id.*, Trial Minutes, 10/21/14; Trial Minutes, 10/22/14; St. Rec. Vol. 6 of 8, Jury Verdict (count one), 10/22/14; Jury Verdict (count two), 10/22/14; St. Rec. Vol. 7 of 8, Trial Transcript, 10/21/14; St. Rec. Vol. 8 of 8, Trial Transcript (continued), 10/21/14; Trial Transcript, 10/22/14.

[12] St. Rec. Vol. 2 of 8, Minute Entry, 10/29/14; St. Rec. Vol. 6 of 8, Motion for New Trial, 10/24/14; Motion for Judgment of Acquittal, 10/24/14.

[13] St. Rec. Vol. 2 of 8, Sentencing Minutes, 10/29/14; Amended Sentencing Minutes, 5/18/15.

the motions to reconsider the sentence filed by Anderson and his counsel.[14]  On January 7, 2015, the state filed a multiple offender bill charging Anderson as a fourth felony offender.[15]

On direct appeal, Anderson's appointed counsel argued that Anderson's right to a speedy trial under the Sixth Amendment was violated.[16]  On February 24, 2016, the Louisiana First Circuit affirmed the convictions and sentences finding the claim meritless.[17]

After hearings held May 9 and 16, 2016, the state trial court adjudicated Anderson as a fourth felony offender.[18]  The court resentenced him as a habitual offender to serve 60 years in prison without benefit of probation or suspension of sentence.[19]  The court also denied Anderson's motion to reconsider the sentence.[20]

On appeal to the Louisiana First Circuit from the habitual offender sentencing, Anderson's appointed counsel filed a brief which included a request for an errors patent review, a motion to withdraw as counsel, and a statement indicating that counsel had found no non-frivolous appealable issue in connection with Anderson's habitual offender proceeding pursuant to *Anders v. California*, 386 U.S. 738 (1967), and related state case law.[21]  Anderson filed a *pro se* brief asserting the following errors:[22] (1) the state trial court failed to specify the predicate convictions being used; (2) the state failed to timely file the multiple bill; (3) the sentence imposed is excessive;

---

[14] St. Rec. Vol. 6 of 8, Trial Court Order, 12/19/14; Motion for Reconsideration of Sentence, 12/10/14; Trial Court Order, 1/7/15; *Pro Se* Motion to Reconsider Sentence, 12/29/14 (dated 12/20/14).

[15] St. Rec. Vol. 4 of 8, Multiple Bill, 1/7/15; St. Rec. Vol. 2 of 8, Hearing Minutes, 1/7/15.

[16] St. Rec. Vol. 2 of 8, Appeal Brief, 2015-KA-1043, 10/14/15.

[17] *Anderson*, 2016 WL 759166, at *1; St. Rec. Vol. 2 of 8, 1st Cir. Opinion, 2015-KA-1043, 2/24/16.

[18] St. Rec. Vol. 3 of 8, Hearing Minutes, 5/9/16; Multiple Offender Sentencing Minutes, 5/16/16; St. Rec. Vol. 5 of 8, Hearing Transcript, 5/9/16; Sentencing Transcript, 5/16/16.

[19] *Id.*, Multiple Offender Sentencing Minutes, 5/16/16; Minute Entry, 7/19/16 (amending the sentencing minutes); St. Rec. Vol. 5 of 8, Trial Court Reasons, 5/16/16.

[20] St. Rec. Vol. 5 of 8, Trial Court Order, 6/15/16; Motion to Reconsider, 6/9/16 (dated 6/3/16).

[21] *State v. Anderson*, No. 2016-KA-1191, 2017 WL 658782, at *1, *7-8 (La. App. 1st Cir. Feb. 17, 2017).

[22] *Id.*, 2017 WL 658782, at *1, *3, *7.

4

(4) insufficient evidence to support the adjudication; and (5) appellate counsel was ineffective for filing a brief without reviewing the transcripts of the underlying convictions.

On February 17, 2017, the Louisiana First Circuit granted counsel's motion to withdraw and affirmed the habitual offender adjudication and sentence finding no merit in Anderson's claims.[23]   On February 1, 2018, the Louisiana Supreme Court denied Anderson's related writ application without stated reasons.[24]   The United States Supreme Court also denied Anderson's petition for writ of certiorari on October 1, 2018.[25]

In the meantime, on November 3, 2016, Anderson signed and submitted an application for post-conviction relief in the state trial court asserting the following grounds for relief:[26] (1) the evidence was insufficient to support the theft conviction; (2) the state trial court erred in allowing other crimes testimony to be presented to the jury; (3) counsel provided ineffective assistance by failing to move for a mistrial when the other crimes testimony was presented by the State, including reference to the rape that occurred during the theft; (4) the trial court erred when it denied the motion to suppress identification, and appellate counsel was ineffective for failing to assert his on appeal; (5) the court should conduct a cumulative review of these claims.; and (6) trial counsel was ineffective for failing to file a motion to quash the defective amended indictment where the amended count one did not allege an intent to permanently deprive the owner of the items taken.

On September 21, 2017, Anderson supplemented his post-conviction application to assert two claims.[27]   He alleged in "combined claims" seven and eight that the state knowingly presented

---

[23] *Id*.

[24] *State v. Anderson*, 237 So.3d 512 (La. 2018).

[25] *Anderson v. Louisiana*, __ U.S. __, 139 S. Ct. 145 (2018).

[26] St. Rec. Vol. 3 of 8, Application for Post-Conviction Relief, 11/15/16 (dated 11/3/16).

[27] *Id*., Supplement to Application, 9/27/17 (dated 9/21/17).

and did not correct the perjured and misleading testimony of I.N. and co-defendant Cyprian, and his trial counsel was ineffective for failing to publish to the jury Cyprian's prior recorded contradictory statement to police.[28]

On November 14, 2017, the state trial court denied Anderson's application without stated reasons.[29]  The Louisiana First Circuit denied Anderson's related writ application without stated reasons on May 28, 2018.[30]  The Louisiana Supreme Court also denied Anderson's subsequent writ application on May 28, 2019, finding that Anderson's failed to prove he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and failed to meet his burden of proof on his other claims.[31]

While those matters were pending, on July 18, 2018, Anderson through counsel filed a motion to correct his multiple offender sentence as illegal.[32]  The state trial court set the matter for hearing on July 23, 2018.[33]  It appears the motion was denied, although the record does not include a copy of the state trial court's ruling.[34]

On February 19, 2019, the Louisiana First Circuit denied Anderson's writ application finding no error in the trial court's ruling.[35]  The Louisiana Supreme Court, however, on November 25, 2019, granted Anderson's related writ application and remanded the matter to the state trial court for a new habitual offender adjudication.[36]

---

[28] *Id*.

[29] *Id*., Trial Court Ruling, 11/14/17.

[30] *State v. Anderson*, No. 2018-KW-0277, 2018 WL 2458856, at *1 (La. App. 1st Cir. May 28, 2018).

[31] *State v. Anderson*, 273 So.3d 1208 (La. 2019).

[32] St. Rec. Vol. 3 of 8, Motion to Correct Illegal Sentence, 7/18/18.

[33] *Id*., Trial Court Order, 7/23/18.

[34] *State v. Anderson*, No. 2018-KW-1698, 2019 WL 669501, at *1 (La. App. 1st Cir. Feb. 19, 2019).

[35] *Id*.

[36] *State v. Anderson*, 283 So.3d 488, 489 (La. 2019); St. Rec. Vol. 3 of 8, La. S. Ct. Order, 2019-KK-00442, 11/25/19.

On December 5, 2019, Anderson's counsel filed a motion to schedule his case for sentencing in accordance with the Louisiana Supreme Court's directive.[37]  It appears from the record provided that the habitual offender hearing was scheduled for July 27, 2020, but it is unclear what happened on that day.[38]

The Court's research reflects that Anderson filed writ applications in the Louisiana First Circuit and the Louisiana Supreme Court around the time of the scheduled sentencing hearing date.[39]  However, because the Tangipahoa Parish District Attorney failed to fully comply with the Court's briefing order to provide all records and pleadings from all levels of the state courts, ECF No. 4, the state court record does not indicate the nature of relief sought in either proceeding. Furthermore, the record contains no disposition of Anderson's pre-sentencing motions nor any indication that Anderson has since been adjudicated a habitual offender or resentenced on the theft conviction.  Nevertheless, both the State and Anderson recognize and concede that Anderson does not have a final sentence for purposes of seeking federal habeas review under § 2254.[40]

## II.  Federal Petition

On January 28, 2021, the clerk of this Court filed Anderson's federal habeas petition in which he asserted the following claims:[41] (1) the evidence was insufficient to support the theft conviction; (2) the state trial court erred in allowing other crimes testimony to be presented to the jury; (3) counsel provided ineffective assistance by failing to move for a mistrial when the other crimes testimony was presented by the State, including reference to the rape that occurred during

---

[37] St. Rec. Vol. 3 of 8, Motion to Place Matter on Calendar, 12/5/19.

[38] *See* St. Rec. Vol. 3 of 8, Subpoena List, showing hearing set for 7/27/20; *id.*, Objection to Video Hearing, at 1, 7/10/20 (showing sentencing hearing set for 7/27/20); *id.*, Motion to Quash Multiple Bill, 7/15/20.

[39] *See State v. Anderson*, 305 So.3d 104 (La. 2020); *State v. Anderson*, No. 2020-KW-0539, 2020 WL 5249239, at *1 (La. App. 1st Cir. Sep. 3, 2020).

[40] ECF No. 10, at 5; ECF No. 11, at 1.

[41] ECF Nos. 1, and 1-1.

the theft; (4) the trial court erred when it denied the motion to suppress identification, and appellate counsel was ineffective for failing to assert his on appeal; (5) the court should conduct a cumulative review of these claims.; and (6) trial counsel was ineffective for failing to file a motion to quash the defective amended indictment where the amended count one did not allege an intent to permanently deprive the owner of the items taken.

The State filed a response in opposition challenging Anderson's petition on grounds of ripeness, abstention, and timeliness.  Alternatively, the State contends that Anderson's claims are meritless.  Anderson did not file a reply to the State's opposition despite having been given an opportunity to do so.[42]

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[43] applies to Anderson's petition, which is deemed filed in this Court no later than January 27, 2020.[44]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not

---

[42] Anderson did file a motion to stay these proceedings which the Court has already denied.

[43] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[44] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after AEDPA's effective date submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Anderson's signature date on the form petition is illegible.  ECF No. 1, at 15.  He signed the memorandum in support attached to his petition on January 27, 2021.  ECF No. 1-1, at 1.  The pleadings were emailed to this Court on January 28, 2021 by the prison legal program.  ECF No. 1-1, at 79.  Thus, January 27, 2021, is the earliest date on which he could have presented this package of documents to prison officials for mailing to a court.

be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State questions the ripeness and timeliness[45] of Anderson's federal petition. As both parties concede, with no final state court sentencing judgment on the theft conviction and/or the habitual offender bill, Anderson's conviction and sentence are not yet final for purposes of federal review. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (the AEDPA limitations period "did not begin until both his conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking such review."). Most relevant here are the State's prematurity arguments, couched in terms of ripeness and abstention. Simply put, Anderson challenges his underlying conviction, for which he now has no final sentence. Without a final sentence, he is not in a procedural posture to seek federal habeas court relief under § 2254. Thus, for the following reasons, Anderson's petition should be dismissed as premature.

## IV. **Habeas Petition is Premature**

A state inmate like Anderson generally may seek federal habeas relief under two circumstances, pretrial petitions under 28 U.S.C. § 2241 and post-trial petitions under § 2254. Under § 2241, the Court has the authority to consider the claims of a state *pre-trial* detainee challenging his confinement. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("Pretrial petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." (internal quotes omitted)). Under § 2254, the Court may consider the constitutional challenges brought by a convicted state inmate in a post-trial habeas proceedings when the state court judgment is final. *Burton*, 549 U.S. at 147.

---

[45] Timeliness of this habeas petition is not at issue at this time, but is a defense reserved by the State.

Anderson was convicted long ago and is not a pretrial detainee for purposes of § 2241 general habeas authority. He also does not fit the parameters for review under § 2254, because although convicted, he has no sentence on his theft conviction. In other words, Anderson has no final state court judgment for this federal habeas court to review.

In *Burton*, the United States Supreme Court addressed the issue of finality for purposes of § 2254 and the AEDPA. Specifically, the Court considered the timeliness of a § 2254 petition when a state inmate's conviction was affirmed in the state courts, but his sentence was reversed with no new sentence imposed. The *Burton* Court concluded that a "final judgment" in a criminal case must include the finality of *both* the judgment of conviction *and* the sentence. *Id*. at 156-57. Without finality, the § 2254 petition was premature and not yet subject to federal habeas review. *Id*. Thus, for purposes of determining the applicability of the AEDPA as codified in § 2254, finality of a state criminal proceeding occurs when *both* the conviction and sentence are final by the conclusion of direct review or by the expiration of time for seeking such review. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); La. Code Crim. P. art. 922 (addressing finality of appeal judgment); La. S. Ct. Rule X§5 (time for seeking review in Louisiana Supreme Court).

In this case, Anderson has no sentence, much less a final sentence, on his theft conviction. His multiple offender sentence was vacated by the Louisiana Supreme Court in 2019, and the parties assert that he has not been resentenced. In addition, as recognized in the parties' pleadings, once he is resentenced, with or without a multiple bill, Anderson will have a right to pursue additional state court review of his new sentence. His criminal proceedings and state court judgment, therefore, are not yet final, and federal habeas corpus review is not yet available to him.

*See Gifford v. Wilkinson*, No. 07-1063, 2009 WL 4015428, at *5 (E.D. La. Nov.16, 2009) ("in the case of a re-sentencing, the federal courts have resolved that the defendant's conviction does not become final until the conclusion of direct review of that new sentence or the expiration of time for seeking such review"); *Pete v. Tanner*, No. 09-3403, 2009 WL 2949984, at *2 (E.D. La. Sep. 11, 2009) ("an underlying criminal judgment is not considered final until both the conviction and sentence are final" and, where the sentence on multiple offender proceedings had not yet been imposed, "arguably, petitioner's federal limitations period has not yet even commenced, much less expired").

Anderson's § 2254 petition is premature and should be dismissed without prejudice to his ability to file a new petition when his state criminal judgment is final, and he has exhausted all available avenues of review in the state courts.

**V.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Anderson's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** as premature.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[46]

New Orleans, Louisiana, this 28th day of June, 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[46]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.